# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| |
|---|
| TIMOTHY BEDWELL,<br>                      Petitioner,<br>vs.<br>STATE OF ALASKA,<br>                      Respondent. |

Case No. 4:18-cv-0041-JKS

## ORDER OF DISMISSAL

On November 19, 2018, self-represented prisoner Timothy Bedwell filed a Petition for Writ of Habeas Corpus challenging his February 2014 conviction after a jury trial in the Superior Court of the State of Alaska, Case Number 4FA-12-02343CR.[1] Bedwell also attached a prisoner account statement to his filing.[2] Bedwell raises the following grounds for relief: 1) "lack of jurisdiction;" 2) "violation of due process;" 3) "deprivation of rights under color of law;" and 4) "fraud upon the court." Federal law requires the Court to conduct the following preliminary review of this habeas petition.[3]

---

[1] Docket 1; *see* https://records.courts.alaska.gov/ (*State v. Bedwell*, 4FA-12-02343CR).

[2] Docket 1-1.

[3] Federal Rule 4 of the Rules Governing § 2254 Proceedings provides:

**Prior Petitions**

Prior to the current petition, on September 21, 2018, a party, claiming to hold Mr. Bedwell's power of attorney, filed a "Mandatory Writ of Habeas Corpus" on behalf of Mr. Bedwell.[4] This Court dismissed that petition without prejudice, because it was neither filed by Mr. Bedwell, nor filed by an attorney on his behalf.[5] Additionally, Mr. Bedwell had not exhausted his state remedies and his petition was filed on California state court forms.[6]

On November 6, 2018, Bedwell filed another petition that was again filed by an individual that is neither Mr. Bedwell nor a licensed attorney and was written on California state court forms.[7] This Court also dismissed that petition without prejudice for those deficiencies as well as his failure to exhaust state

---

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[4] *Bedwell v. State of Alaska*; 3:18-cv-218-TMB, Docket 1.

[5] *Id.*, Docket 4 at 3-6.

[6] *Id.*, Docket 4 at 7-9.

[7] *Bedwell v. State of Alaska*; 4:18-cv-37-RRB, Docket 1.

remedies.[8]  The Court takes judicial notice[9] of its prior orders in *Bedwell v. State of Alaska*, 3:18-cv-218-TMB at Docket 4, issued October 29, 2018, and *Bedwell v. State of Alaska*, 4:18-cv-37-RRB at Docket 6, issued November 16, 2018.

**Review of Mr. Bedwell's Petition**

Mr. Bedwell continues to have not exhausted his state remedies in regards to habeas corpus.[10]  A search of the Alaska Court system reveals that the Alaska Court of Appeals affirmed the judgment of conviction against Bedwell on May 16, 2018.[11]  However, a search also shows that the Alaska Supreme Court still has not ruled on Mr. Bedwell's case, and it is not clear that Bedwell has filed a

---

[8] *Id.*, Docket 6 at 3-5.

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" Black's Law Dictionary (10th ed. 2014); *see also* Fed. R. Evid. 201.

[10] 28 U.S.C. § 2254(b)(1)(A).

[11] *Bedwell v. State*, No. A-11891, 2018 WL 2277363, at *8 (Alaska Ct. App. May 16, 2018); *see also* http://www.appellate.courts.state.ak.us/ (*Bedwell v. State*, A-11891).

petition for review in the Alaska Supreme Court.¹² The Court takes judicial notice of the state court proceedings as well.¹³

This Court could stay the Petition to allow Bedwell to complete state court review and satisfy the exhaustion requirement.¹⁴ However, Bedwell has not requested that this Court stay and hold his Petition in abeyance. Moreover, the Supreme Court has held that it is an abuse of discretion to stay a petition pending exhaustion where: 1) the

---

¹² Public docket of case numbers A-11891 and A11673 found in the Alaska Appellate Courts Case Management System search engine via search by trial court case no. 4FA-12- 02343CR. To be deemed exhausted, a claim must also have been presented to the highest state court that may consider the issue presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (2003) ("In a state like Oregon, where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly.") (citing O'Sullivan, 526 U.S. at 845). In Alaska, a criminal defendant may request discretionary review by the Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302. The "one-year limitations period [under **Error! Main Document Only.**the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)] is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim....' § 2244(d)(2)." *Mardesich v. Cate*, 668 F.3d 1164, 1169 (9th Cir. 2012). The Supreme Court explains that "[t]he time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original). Thus, if Bedwell has timely sought review in the Alaska Supreme Court of the Alaska Court of Appeals' affirmance of the judgment against him, the one-year deadline to file a federal habeas petition would be tolled during the pendency of his petition for review as well.

¹³ *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (*citing Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003)).

¹⁴ **Error! Main Document Only.***See Mena v. Long*, 813 F.3d 907, 911 (9th Cir. 2016).

petitioner has not show good cause for failing to exhaust all available state court remedies; and 2) the unexhausted claim is "plainly meritless."[15]  Even if Bedwell had fully exhausted the claims in the instant Petition, he would not be entitled to relief on the unsupported claims and requests for relief raised in it.  Bedwell's Petition recites, for the most part without facts or elaboration, phrases such as "lack of jurisdiction," "non valid warrant," "non valid stamp," "kidnapping, traffic[k]ing in persons, unlawful conversion, unlawful conveyance, unlawful concealment, misappropriations, involuntary servitude, barratry, conspiracy, attempted murder, def[a]mation of character, mistaken identity, col[l]usion," "fraud upon the court," "jury tampering, conspiracy, bribery, coer[c]ion, void orders/judgement."[16]

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground."  Here, Bedwell fails to articulate his claims or cite facts that would support an inference that his federal constitutional rights may have been violated.  Likewise, the Petition refers to an attached document for elaboration, yet Bedwell attached only his prisoner account statement to the Petition.

This Court would have to engage in a tenuous analysis in order to attempt to identify the claims in the Petition.  Although pro se habeas filings must be construed

---

[15] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[16] Docket 1 at 5-10.

liberally,[17] such leniency should not place on the reviewing court the entire onus of ferreting out grounds for relief, and "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."[18]  Facts must be stated in the petition with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted.  Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses.[19]  The lack of particularity thus bars any meaningful review and consideration in federal court, independent of Bedwell's failure to fairly present the claims to the state courts.  To the extent Mr. Bedwell chooses, after he has exhausted his claims in state court, to file another § 2254, he should be mindful of the pleading requirements on federal habeas review.

For the aforementioned reasons, this petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. This case is DISMISSED without prejudice.  Mr. Bedwell may file a timely new habeas petition in this Court after all federal claims that he seeks to raise have been exhausted in the state courts by presentation first to the Alaska Superior Court and then, if Mr. Bedwell disagrees with that result,

---

[17] *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

[18] *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204-205 (9th Cir. 1995).

[19] *C.f., Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a real possibility of constitutional error") (citation omitted) (internal quotation marks omitted).

4:18-cv-0041-JKS, *Bedwell v. State of Alaska*
Order of Dismissal
Page 6 of 7

Case 4:18-cv-00041-JKS   Document 4   Filed 01/07/19   Page 6 of 7

to the Alaska Court of Appeals, and then, if he disagrees with that result in a petition for hearing to the Alaska Supreme Court.

2. The Clerk of Court is directed to mail a copy of this order to Mr. Bedwell.

3. The Clerk of Court shall enter a judgment in this case accordingly.

4. A Certificate of Appealability will be DENIED.[20]

Dated at Anchorage, Alaska this 7th day of January, 2019.

s/ James K. Singleton, Jr.
Senior United States District Judge

---

[20] *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).